THE STATE OF MISSOURI, Respondent, v. GEORGE W. SHAWLEY, Appellant.

St. Louis Court of Appeals, December 9, 1890.

License. The fact, that a person has the license to gather fruit on certain premises, is no justification for his remaining on the premises, when he is not there for that purpose and has been ordered by a person in charge to leave.

*Appeal from the Scotland Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED.

*Smoot & Pettingill* and *Mudd & Wagner*, for appellant.

*John C. Moore*, for respondent.

BIGGS, J.—The defendant was tried and convicted of an assault and battery upon Mrs. Hoover, the wife of Noah Hoover. It appears from the evidence that Hoover had rented from the defendant a tenant house on the latter's farm, including the yard surrounding it. He and his wife and daughter were living in the house. There was a peach orchard adjoining the house, and there were peach trees in the yard. During the

absence of Hoover, the defendant and his wife came upon the premises, and commenced to gather peaches from the trees growing in the yard. Mrs. Hoover came out of the house, and ordered them to leave. This order was followed by a war of words. However, the defendant and his wife continued to gather the fruit and Mrs. Hoover went back into the house. After-wards, the defendant and his wife finished gathering peaches in the yard, and they went from there into the orchard to gather the peaches. When they started home, they returned through the yard, and the defendant renewed the previous controversy with Hoover's daughter, who was sitting in the front door of the house. Concerning the foregoing facts, there is no substantial conflict in the evidence. As to what took place during the fight, there was the usual cross-swearing. The evidence for the state tended to prove that, when the defendant commenced to quarrel with the daughter, Mrs. Hoover came out into the yard and again ordered the defendant and his wife to leave the premises; that they refused to go, and she undertook to enforce her commands by force; that thereupon the defendant struck her with his fist and knocked her down. On the other hand the defendant's evidence tended to prove that Mrs. Hoover rushed out of the door with an iron poker in her hand, and attempted to strike Mrs. Shawley with it; that the defendant only caught and held her to prevent her from doing his wife great personal injury. The defendant also introduced evidence tending to prove that he went into the yard to gather the peaches under a license from Noah Hoover. This fact, however, was controverted by the state's evidence.

The court gave the usual instructions applicable to such cases. We do not understand that the defendant seriously complains of the state's instructions. We have examined them and find that they are unobjectionable. The real controversy grows out of the refusal

of the court to give the following instruction asked by the defendant: "If the jury believe from the evidence in the case that Noah Hoover was in the possession of the premises on which the assault and battery was alleged to be committed, and that he gave defendant permission to go thereon and gather peaches, then defendant was rightfully on these premises, and Mrs. Hoover had no right to order him off."

If this difficulty had taken place when the defendant first went into the yard to gather the fruit, then it could be well said that he was rightfully there, if Hoover had given him permission to go there for that purpose. If this had been the state of the proof then the instruction might have been proper. But the uncontradicted evidence is to the effect, that the defendant finished gathering the peaches in the yard, and then he and his wife went into the orchard. After they had gathered what fruit they wanted in the orchard, they returned to the yard. When the defendant returned, he renewed the previous quarrel by saying something to Hoover's daughter. When the defendant came into the yard the second time, he was not there under any license from Hoover. He had no business there. It was his duty to leave when ordered to do so by Mrs. Hoover.

The judgment of the circuit court will be affirmed. All the judges concurring, it is so ordered.